**Mi Sook Seol** and Young Jin Kim,
Plaintiffs/Appellees,
**v.**
**Saipan Honeymoon Corp.**,
Sam Hyun Chang and Yung Soon Cha,
Defendants/Appellants.
Appeal No. 96-011
Civil Action No. 94-0868
April 12, 1999

favor of the plaintiffs; (II) Whether the Superior Court erred in its findings of fact; (III) Whether the Superior Court erred by granting inconsistent remedies; (IV) Whether the Superior Court erred in admitting plaintiffs' exhibit 7; (V) Whether the Superior Court erred in not requiring plaintiffs to introduce the second page of exhibit 5; (VI) Whether the Superior Court erred in taking judicial notice of the documents in the case file which had not been admitted into evidence: (VII) Whether the defendants are entitled to judgment for the balance due on the sale of the boat to the plaintiffs; and (VIII) Whether the Superior Court erred in ordering the defendants to pay for plaintiffs' attorney's fees.

¶4 ▇▇ Issues I, III, VI, VII and VIII are issues of law which are reviewed de novo. *Agulto*, 4 N.M.I. at 9. Issue II involves findings of fact made by the trial court which is subject to review under the clearly erroneous standard. *Estate of Deleon Guerrero*, 3 N.M.I. 253, 263 (1992). Issues IV and V involve the admissibility of evidence which is reviewed for an abuse of discretion. *Commonwealth v. Saimon*, 3 N.M.I. 365, 397 (1992).

## FACTS AND PROCEDURAL BACKGROUND

¶5 Defendants Yung Soon Cha ("Cha") and Sam Hyun Chang ("Chang") were in the business of operating a tour boat through their corporation, Saipan Honeymoon Tour Agency. On or about August 23, 1993, plaintiff Mi Sook Seol ("Seol") entered into a partnership agreement with defendant Cha regarding the possession and operation of the defendants' tour boat, Saipan Honeymoon Tour. The agreement provided for an equal allocation of boat operation expenses and a monthly split of the profits. The parties also agreed that if one party breached the agreement, that party must indemnify the damages to the other party. Plaintiffs invested $67,100 in the boat in installment payments from July 25, 1993, to November 9, 1993.

¶6 On or about October 18, 1993, the defendants sold the tour boat to plaintiff Young Jin Kim ("Kim") for the sum of $100,000 by bill of sale.[1] On October 19, 1993, the partnership agreement was canceled after being in effect for only approximately 60 days.[2]

¶7 On or around August 30, 1994, the plaintiffs filed a complaint against the defendants for breach of the agreement. The trial was held on November 28, 1995.

¶8 On January 16, 1996, the Superior Court entered its

---

Argued and Submitted on April 15, 1998

Counsel for appellants: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan.

Counsel for appellees: David A. Wiseman, Saipan.

BEFORE: TAYLOR, VILLAGOMEZ and ATALIG, Justices Pro Tem.

PER CURIAM:

¶1 ▇▇ Defendants appeal the Superior Court's findings of facts and conclusions of law dated January 16, 1996, and the January 31, 1996, judgment. We have jurisdiction pursuant to Article IV, Section 3 of the Commonwealth Constitution. N.M.I. Const. art. IV, § 3 (1997). We reverse.

### ISSUES PRESENTED AND STANDARDS OF REVIEW

¶2 ▇▇ The dispositive issue before this Court is whether the Superior Court erred in admitting parol evidence denying the validity of the bill of sale and concluding that the parties did not intend the bill of sale to be a binding agreement. This is an issue of law which is reviewed de novo. *Agulto v. Northern Marianas Inv. Group, Ltd.*, 4 N.M.I. 7, 9 (1993).

¶3 Defendants also raise the following issues: (I) Whether the Superior Court erred in granting judgment in

---

[1] The plaintiffs claim they purchased the boat because they thought it would get them a foreign investment VISA. After finding out that the money to purchase the boat was insufficient, the plaintiffs sought to void the bill of sale and receive the return of their investment capital.

[2] August 23, 1993. to October 19, 1993.

Findings of Fact and Conclusions of Law.[3] Among other things, it found that plaintiffs had paid defendants a total of $67,100 as an investment in the boat and that the parties had entered into a partnership agreement on August 23, 1993. *Id.* at 2. In addition, it found that the defendants had breached the partnership agreement and that the plaintiffs never received their share of the income of the business based on their investment. Finally, the court found that the bill of sale was executed only for the purpose of enabling plaintiffs to obtain a visa and that the defendants knew and had reason to know that the plaintiffs did not intend the bill of sale to be a binding agreement.

¶9    The January 31, 1996, judgment of the Superior Court ordered: (1) plaintiffs receive the return of the investment in the amount of $67,100 plus interest; (2) defendants to render an accounting of all profits and expenses from August 23, 1993, through October 19, 1995;[4] (3) plaintiffs recover 50% of all the profits from August 23, 1993, through October 19, 1995;[5] (4) the assets of the partnership be liquidated and distributed to plaintiffs; and (5) plaintiffs recover attorney's fees and costs in the amount of $11,665.93.[6] Defendants timely appealed.

## ANALYSIS

¶10    The dispositive issue is whether the Superior Court erred in admitting parol evidence denying the validity of the bill of sale and concluding that the parties did not intend the bill of sale to be a binding agreement.

### A.   The Bill of Sale

¶11    ■ A completely integrated contract is one which is adopted by the parties as a complete and exclusive statement of the terms of the contract. *Restatement (Second) of Contracts* § 210(1) (1979). An agreement is integrated unless it is established by other evidence that the writing did not constitute a final expression. *Id.*

¶12    ■ Where there is a binding agreement, parol evidence is generally inadmissible if it directly contradicts an express term of the contract or is directly contrary to the entire purpose of the written contract. *Restatement*

---

[3] *Seol v. Saipan Honeymoon Corp.,* Civil Action No. 94-0868 (N.M.I. Super. Ct. Jan. 16, 1996) (Findings of Fact and Conclusions of Law) ("Opinion").

[4] This is obviously a typographical error and should have read October 19, 1993.

[5] This is obviously a typographical error and should have read October 19, 1993.

[6] *Seol v. Saipan Honeymoon Corp.,* Civil Action No. 94-0868 (N.M.I. Super. Ct. Jan. 31, 1996) (Judgment at 1-2).

*(Second) of Contracts* § 215 at 136 (1979).

¶13    The parol evidence rule provides that a binding, completely integrated, written agreement discharges all other agreements, written or oral, that were made before the completely integrated agreement, to the extent that the prior agreements are within the scope of the completely integrated agreement. *Restatement (Second) of Contracts* § 213(2) at 129 (1979); *see also Abercrombie v. Hayden Corp.,* 883 P.2d 845, 851 (Or. 1994) (completely integrated writing supersedes or discharges all prior agreements, written or oral, within scope of complete integration).

¶14    Here the bill of sale states " in consideration of one hundred thousand dollars and no cents, Yung Soon Cha sold the Tour Ship to Young Jin Kim." The bill of sale contained a description of the ship, was notarized by a notary public and signed by the parties.

¶15    Yet, contrary to the bill of sale, the Superior Court concluded that "[t]here was no intention on the part of the parties that the bill of sale be a binding agreement," and that "[d]efendants knew and had reason to know that Plaintiffs did not intend the bill of sale to be a binding agreement." Opinion at 6. We disagree.

¶16    ■ Since the bill of sale was an integrated document, there was no reason to go outside the four corners to look at the intent of the parties. Therefore, the Superior Court's findings that the parties did not intend the bill of sale to be a binding agreement and that the defendants knew or had reason to know that the plaintiffs did not intend the bill of sale to be a binding agreement was in error.

### B.   The Partnership Agreement

¶17    The Superior Court found that the defendants had breached their partnership agreement and therefore the plaintiffs were entitled to: the return of their investment in the amount of $67,100 plus interest; fifty percent of all the profits from August 23, 1993, through October 19, 1995[7]; all the assets from the liquidation of the partnership; and attorney's fees and costs in the amount of $11,665.93. We disagree.

¶18    ■ The partnership agreement was in effect from August 23, 1993, to October 19, 1993, which is approximately 60 days. The parties then executed an agreement to nullify the partnership agreement. The Superior Court failed to state what the breach of the agreement entailed. Counsel for defendants at oral arguments also failed to specify exactly what breach had occurred. Plaintiffs allege that defendants took the boats out and made a profit which they did not share, but at the same time they claim that the defendants breached their

---

[7] This is obviously just a typo and should have read October 19, 1993.

240

fiduciary duty to operate the boat. Plaintiffs also allege that the defendants breached the agreement because they failed to pay half the profits. However, since an accounting was never done, it has never been determined whether any profits had been made. If no profits exist, then the defendants cannot have breached their duty to pay profits. It seems that the only breach the defendants may have committed is a failure to give an accounting of the businesses' activities. We find that any breach is minor and not worthy of the remedies granted to the plaintiffs.

## C. The Admission of Exhibit 7

¶19 Plaintiff's Exhibit 7 purports to be (1) the October 19, 1993, agreement between the plaintiffs and the defendants, nullifying the "notarized agreement between Mi Sook Seol and Yung Soon Cha," and (2) a May 5, 1994, agreement between defendant Chang and plaintiff Kim nullifying the October 18, 1993, bill of sale. Excepts of Record ("E.R.") at 32.

¶20 The original document was not produced by the plaintiffs, and the defendants objected to its admission into evidence on the grounds that it was a photocopy and did not comply with the best evidence rule. It was undisputed that the partnership agreement was canceled on October 19, 1993; however, the May 5, 1994, document, allegedly canceling the bill of sale, was in dispute.

¶21 Rule 1003 of the Commonwealth Rules of Evidence states:

A duplicate is admissible to the same extent as an original unless: (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Com. R. Evid. 1003.

¶22 ■ Here, there was a genuine question about the authenticity of the original. No reason was stated as to why the plaintiffs could not produce the original document even though it was in their custody. We therefore agree with the defendants that the admission of plaintiffs' exhibit 7 was in error because it was a photocopy and not the best evidence. The authenticity of the document was in dispute and no evidence was presented as to why the original could not be produced.

## D. The Admission of Exhibit 5

¶23 Plaintiffs' Exhibit 5 purports to be an agreement, dated July 29, 1994, in which defendants agreed to pay plaintiffs "the sum of fifty five million six hundred and fifty thousand Korean Won (₩55,650,000) for the boat matter by December 30, 1994" and if the defendants "cannot raise the money," they will pay "the money by

selling the boat." E.R. at 29. Plaintiffs' Exhibit 5 was an incomplete document consisting of only one of two papers. Plaintiffs' counsel refused to produce the second page.

¶24 Rule 106 of the Commonwealth Rules of Evidences provides:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be contemporaneously with it.

Com. R. Evid. 106.

¶25 ■ We find that the introduction of plaintiffs' Exhibit 5 without the second page was in error since it was an incomplete document. Fairness requires plaintiffs to submit the missing page if it is available, or to explain its absence if unavailable.

## E. Judicial Review of Documents

¶26 The Superior Court made the following factual finding:

This Court can take judicial notice of all the documents in this case file and will see that many of the documents admitted into evidence were already admitted to by the defendants. Even the documents that were not admitted have information in them that have been admitted in the interrogatories signed by the defendants.

Opinion at 4.

¶27 Rule 201 of the Commonwealth Rules of Evidence provides for judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Com. R. Evid. 201(b).

¶28 ■ Here, we find that the Superior Court erred by taking judicial notice of documents in the case file and discovery requests which were not admitted into evidence at trial without specifying what portions of the file were being used as evidence. Such taking of judicial notice was overly broad and vague. Moreover, there was no opportunity for the defendants to respond to the propriety of the judicial notice taken.

## F. Attorney's fees

¶29 Since we reverse on other grounds, appellants are not entitled to attorney's fees.

241

## CONCLUSION

¶30   Based on our reasoning stated above, we hereby **REVERSE** the judgment of the Superior Court. We also grant appellants' request for a judgment in their favor in the amount of $32,900 due on the bill of sale.